**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DEREK DEMPERIO,**

                **Plaintiff,**         **5:12-cv-40**
                                                 **(GLS/ATB)**
          **v.**

**TSA STORES, INC.,** *d/b/a*
*The Sports Authority*,

                **Defendant.**
_____

**APPEARANCES:**                    **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Derek Demperio
Pro Se
5121 Corporal Welch Road
Syracuse, NY 13215

**FOR THE DEFENDANT:**
Jackson, Lewis Law Firm         MARY A. SMITH, ESQ.
One North Broadway
Suite 1502
White Plains, NY 10601

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

    Plaintiff *pro se* Derek Demperio commenced this action against

defendant TSA Stores, Inc., d/b/a The Sports Authority, alleging violations

of the Americans with Disabilities Act,[1] Title VII,[2] the Fourteenth Amendment and common-law negligence and breach of contract. (*See* Compl., Dkt. No. 1.) Pending is TSA's motion to dismiss. (*See* Dkt. No. 12.) For the reasons that follow, the motion is granted.

## II. Background[3]

Demperio filed a verified complaint with the New York State Division of Human Rights (NYSDHR) against Sports Authority on September 14, 2009. (*See* Compl. at 10.) After investigating his claims, the NYSDHR found that no probable cause existed that Sports Authority engaged in discriminatory practices. (*See* Dkt. No. 12, Attach. 6.[4]) This finding was adopted by the United States Equal Employment Opportunity Commission (EEOC) in its notification of the right-to-sue dated October 3, 2011. (*See*

---

[1] *See* 42 U.S.C. § 12101 *et seq.*

[2] *See* 42 U.S.C. § 2000e *et seq.*

[3] Unless otherwise noted, the allegations relevant to adjudicating the instant motion are drawn from Demperio's Complaint and presented in a light most favorable to him. For a full recitation of the facts, the court refers the parties to Demperio's Complaint and the exhibits attached to TSA's motion, which discuss the New York State Division of Human Rights investigation. (*See* Compl. at 4-14; Dkt. No. 12, Attachs. 3-8.)

[4] Though not attached to the Complaint, the court may still consider NYSDHR's records in the context of a motion under Fed. R. Civ. P. 12(b)(6) where, as here, the records are "integral to the complaint." *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (internal quotation marks and citation omitted); *accord Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (deeming "a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference").

Compl. at 17.)  On January 9, 2012, Demperio commenced this action alleging causes of action under both federal and state law, and seeking injunctive relief and compensatory damages.  (*See* Compl. at 1, 11-15.)

### III.  Standard of Review

The standard of review under Fed. R. Civ. P. 12 is well established and will not be repeated here.[5]  For a full discussion of the standard, the court refers the parties to its decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

### IV.  Discussion

TSA argues that Demperio's Complaint should be dismissed because, *inter alia*, his ADA and Title VII claims are untimely, and his Fourteenth Amendment claim fails as a matter of law.  (*See* Dkt. No. 11 at 6-11.)  Demperio offers no opposition to TSA's argument with respect to his Fourteenth Amendment claim,[6] but counters that his Complaint was

---

[5]  Because Demperio is proceeding *pro se*, the court will construe his Complaint liberally.  *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

[6]  Because the Equal Protection Clause of the Fourteenth Amendment applies only to actions by state actors, Demperio's due process claim against TSA, a private employer, is dismissed.  *See Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 257 (2009); *see also United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 941 F.2d 1292, 1295-96 (2d Cir. 1991) (stating "a litigant claiming that his constitutional

3

timely. (*See* Dkt. No. 15.) The court agrees with TSA.

To be timely, claims under the ADA or Title VII must be filed within ninety days of the "claimant's receipt of a right-to-sue letter from the EEOC." *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011) (citing 42 U.S.C. § 2000e-5(f)(1) (discussing the timeliness of a Title VII action); 42 U.S.C. § 12117(a) (stating that the Title VII limitations period is also applicable to claims under the ADA)). Absent proof to the contrary, it is presumed that a right-to-sue letter is mailed on the date shown on the notice, and "received three days after its mailing." *Id.*; *see Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 526 (2d Cir. 1996) ("If a claimant presents sworn testimony or other admissible evidence from which it could reasonably be inferred either that the notice was mailed later than its typewritten date or that it took longer than three days to reach [him] by mail, the initial presumption is not dispositive.").

Here, the right-to-sue letter was presumptively mailed on October 3, 2011, the date shown on the notice, and received three days later, on October 6, 2011. (*See* Compl. at 17); *Tiberio*, 664 F.3d at 37.

---

rights have been violated must first establish that the challenged conduct constitutes state action . . . . [T]he party charged with the [conduct] must be a person who may fairly be said to be a state actor") (internal quotation marks and citations omitted).

Consequently, the limitations period on Demperio's ADA and Title VII claims expired on January 4, 2012, *see* 42 U.S.C. §§ 2000e-5(f)(1), 12117(a), five days before he filed his Complaint, (*see* Compl. at 1). While the mailing and receiving presumptions are not always dispositive, *see Sherlock*, 84 F.3d at 526, they are in this case, as Demperio failed to offer evidence to rebut them.

In order to avoid dismissal, Demperio avers that he did not physically receive the right-to-sue letter until Sunday October 16, 2011. (*See* Dkt. No. 15 ¶ 7.) This was so because his mailing address was different from his actual residence, and when he checked his mail "mid-week of the week ending Saturday October 8, 2011[,] the EEOC letter was not included in the mail [he] picked up that day." (*Id.* ¶¶ 6-7.) Based on his interpretation of the letter, Demperio concluded that he had until January 14, 2012 to file his suit. (*See id.* ¶ 8.) However, Demperio's response discusses only his knowledge; it is devoid of any evidence from which the court could infer "either that the notice was mailed later than its typewritten date or that it took longer than three days to reach [him] by mail."[7] *Sherlock*, 84 F.3d at

---

[7] Notably, Demperio neither argues for equitable tolling, nor offers a sufficient justification to warrant it. *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151-52 (1984).

5

526. Although Demperio is a *pro se* litigant, (*see* Dkt. No. 15 ¶¶ 10-11), strict adherence to procedural requirements ensures an "evenhanded administration of the law." *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980).  As such, Demperio's failure to comply with the statute of limitations, and inability to offer evidence to rebut the three-day receipt presumption, are fatal to his ADA and Title VII claims.[8]

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that TSA's motions to dismiss (Dkt. No. 12) is **GRANTED** and all claims against it are **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

April 26, 2012
Albany, New York

/s/ Gary L. Sharpe
Gary L. Sharpe
Chief Judge
U.S. District Court

---

[8] In light of the court's decision with respect to Demperio's federal causes of action, his remaining claims, which are based solely on New York State law, are dismissed as an exercise of supplemental jurisdiction is inappropriate in this case.  *See* 28 U.S.C. § 1367(c).